FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 1 7 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 00615

BnB

JERRY MASKE,

    Applicant,

v.

CITY ATTORNEY OF AURORA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION
AND DISMISSING THE ACTION

---

Applicant Jerry Maske currently resides in Aurora, Colorado. Mr. Maske, acting *pro se*, submitted an Application for A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 to the Court on March 5, 2010. The Clerk of the Court will be directed to commence a civil action. For the reasons discussed below, the Court will dismiss the action.

The Court has permanently enjoined Mr. Maske from filing any *pro se* civil actions without first obtaining leave of the Court to proceed *pro se*. *See Maske v. IBM*, No. 09-cv-01805-ZLW, Doc. No. 5 (D. Colo. Nov. 5, 2009). In order to obtain permission to proceed *pro se*, Mr. Maske must submit with any civil action he seeks to file (1) a petition requesting leave to file a *pro se* action; (2) a list of all lawsuits currently pending or filed with this Court; (3) a list of all outstanding injunctions or orders

limiting Mr. Maske's access to this court; and (4) a notarized affidavit that includes certain information. *See Maske v. Aurora Animal Care, et al.*, No. 09-cv-02751-ZLW, Doc. No. 2 (D. Colo. Nov. 24, 2009). The affidavit must include (1) a statement of the issues Mr. Maske seeks to present, including a short discussion of the legal issues; (2) a certification that the legal arguments are not frivolous or repetitive of legal arguments previously presented to the Court and that they are warranted by existing law or a good-faith argument for extension, modification, or reversal of existing law; and (3) a statement by Mr. Maske that he will comply with all federal and local rules of this Court. *Id.*

Mr. Maske submitted a Petition Requesting Leave to File Pro Se Civil Action along with his § 2254 Application. In the Petition, Mr. Maske states as follows: (1) the case number of the case in which this Court entered a sanction order against him; (2) a listing of the cases he has filed in this Court; (3) the legal issues he is presenting; (4) a certification that the legal arguments are not frivolous or repetitive; and (5) a statement that he will follow all federal and local rules. Mr. Maske's certification that the arguments are not repetitive and his statement that he will follow federal rules is belied by the § 2254 Application that he has submitted with the Petition.

In the instant action, Mr. Maske challenges the assessed fine and the impoundment of his dogs in an Aurora, Colorado, Municipal Court proceeding. He has raised these issues in at least three previous actions. *See Maske v. City Attorney, et al.*, No. 10-cv-00471-ZLW (D. Colo. Mar. 2, 2010); *Maske v. Aurora Animal Care, et al.*, No. 09-cv-02753-ZLW (D. Colo. Nov. 24, 2009); *Maske v. Aurora Animal Care, et*

*al.*, No. 09-cv-02751-ZLW (D. Colo. Nov. 24, 2009). Even though he was instructed in Case Nos. 10-cv-00471-ZLW, 09-cv-02753-ZLW, and 09-cv-02751-ZLW that pursuant to Rule 8 he must state a short and concise statement of the grounds for this Court's jurisdiction, he again fails to do so. Furthermore, because Mr. Maske is not incarcerated with respect to the state proceeding he is challenging, this Court lacks jurisdiction to review the merits of his claims. *See Fleming v. Evans*, 481 F.3d 1249, 1252 n. 1 (10th Cir. 2007) (citing *Oyler v. Allenbrand*, 23 F.3d 292, 293-94 (10th Cir. 1994)).

Mr. Maske now has been instructed four times that this Court lacks jurisdiction to consider the claims he asserts in this action regarding the fine he received and the impoundment of his dogs. Though this Court will not impose monetary sanctions at this time, it certainly has the power to do so. Fed. R. Civ. P. 11(b) (*pro se* litigants must comply with the provisions of Rule 11(b)). *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (plaintiff's status as a *pro se* litigant does not prevent the court from imposing sanctions) (citing *Haworth v. Royal*, 347 F.3d 1189, 1192 (10th Cir. 2003)). If Mr. Maske files any new actions that fail to comply with the above-noted sanction orders this Court will consider monetary sanctions. Accordingly, it is

ORDERED that the Clerk of the Court commence this civil action. It is

FURTHER ORDERED that the Application is denied and the action is dismissed without prejudice for the reasons stated above. It is

FURTHER ORDERED that no certificate of appealability will issue because Mr. Maske has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct and whether the underlying claim has constitutional merit.

DATED at Denver, Colorado, this 15 day of March, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10 — CV — 00615

Jerry Maske
2705 Danube Way, Unit 101
Aurora, CO 80013

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/19/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk